# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE APPLICATION OF HANWEI GUO FOR AN ORDER TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 | Case No. 18 Misc. _____ |

**NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS TO**
**J.P. MORGAN SECURITIES LLC**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, petitioner Hanwei Guo, by his attorneys Quinn Emanuel Urquhart & Sullivan, LLP, serves the attached subpoena for the production of documents on J.P. Morgan Securities LLC. The subpoena calls for the production of documents described in Attachment A to the Subpoena for inspection and copying at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010, by December 30, 2018.

Dated: New York, New York
December 5, 2018

                    QUINN EMANUEL URQUHART &
                          SULLIVAN, LLP

                    */s/ Tai-Heng Cheng*

                    Tai-Heng Cheng
                    Renita Sharma
                    Yixuan Zhu
                    51 Madison Avenue, 22nd Floor
                    New York, New York 10010
                    Tel.: (212) 849-7000
                    Fax: (212) 849-7100
                    taihengcheng@quinnemanuel.com
                    renitasharma@quinnemanuel.com
                    yixuanzhu@quinnemanuel.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| In re Application of Hanwei Guo | ) |  |
|---|---|---|
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
| *Defendant* | ) |  |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: J.P. Morgan Securities LLC
277 Park Avenue, New York, NY 10172

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
Please see attached Notice of Subpoena and Attachment A to this Subpoena

| Place: Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010 | Date and Time: 12/30/2018 11:59 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/05/2018

*CLERK OF COURT*
OR
/s/ Tai-Heng Cheng

*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Hanwei Guo
, who issues or requests this subpoena, are:
Tai-Heng Cheng, 51 Madison Avenue, 22nd Floor, New York, New York, taihengcheng@quinnemanuel, (212) 849 7000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**ATTACHMENT A**

Pursuant to the accompanying Subpoena, petitioner Hanwei Guo ("Guo") hereby requests that J.P. Morgan Securities LLC produce documents responsive to the requests listed below at the date and location specified in the Subpoena.

**DEFINITIONS**

As used herein, the terms listed below shall be defined as follows. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term. Notwithstanding any definition set forth below, each word, term, or phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In these requests, the following terms are to be given their ascribed definitions:

1. "JP Morgan," "You," and "Your" shall refer to J.P. Morgan Securities LLC as well as all past or present agents, employees, attorneys, consultants, representatives, and any other person acting or purporting to act on his behalf.

2. "TME" shall refer to Tencent Music Entertainment Group, including, without limitation, all corporate locations of each, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships and others acting on their behalf.

3. "Tencent Music" shall refer to Tencent Music (Beijing) Co., Ltd. (f.k.a. Ocean Interactive (Beijing) Information Technology Co., Ltd.), including, without limitation, all corporate locations of each, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership

relationships and others acting on their behalf.

4. "CMC" shall refer to China Music Corporation, including, without limitation, all corporate locations of each, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships and others acting on their behalf.

5. "CPC" shall refer to China Publishing Corporation, including, without limitation, all corporate locations of each, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships and others acting on their behalf.

6. "Ocean Technology" shall refer to Ocean Interactive (Beijing) Technology Co., Ltd, including, without limitation, all corporate locations of each, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships and others acting on their behalf.

7. "Ocean Culture" shall refer to Ocean Interactive (Beijing) Culture Co., Ltd., including, without limitation, all corporate locations of each, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships and others acting on their behalf.

8. "Ocean Information" shall refer to Ocean Interactive (Beijing) Information Technology Co., Ltd., including, without limitation, all corporate locations of each, and all

predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships and others acting on their behalf.

9. "CIFH" shall refer to China Investment Financial Holdings, CORP, including, without limitation, all corporate locations of each, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships and others acting on their behalf.

10. "Chinese Arbitration" shall refer to the arbitration commenced by Hanwei Guo before the China International Economic and Trade Arbitration Commission ("CIETAC") on September 27, 2018 against respondents Guomin Xie, CMC, CPC, CIFH, Ocean Technology, Ocean Culture, Tencent Music, and Xiaotao Chen.

11. "Framework Agreement" shall refer to the agreement between Hanwei Guo and Guomin Xie, dated November 7, 2013.

12. "Agreements mentioned in the Arbitration Request" shall refer to each agreement referred to in the Arbitration Request, including the Supplemental Agreement to the Framework Agreement, the Share Repurchase Agreement, the ESOP Agreement, the Ocean Technology Equity Transfer Agreement, the Ocean Culture Equity Transfer Agreement and the Termination Agreement.

13. "Cooperation Agreement" shall refer to the agreement between Liang Tang and Haifeng Li dated October 15, 2013.

14. "Borrowing Agreements" shall refer to all agreements between Hanwei Guo and Guomin Xie regarding loans to purchase equity in Ocean Technology or any other entity,

including but not limited to the Borrowing Agreement for Capital Increase between Hanwei Guo and Guomin Xie dated December 25, 2012.

15. "CMC Shareholder Agreement" shall refer to any CMC shareholders agreement concluded between 2012 and 2014, including but not limited to any shareholders agreement concluded among CMC, CIFH, China Music Holdings Limited, and Guomin Holdings Limited.

16. "Share Purchase Agreement" shall refer to any agreement regarding share purchases entered into by any of the following entities: CMC, Ocean Technology, Ocean Culture, or Ocean Interactive (Beijing) Information Technology Co., Ltd. (currently known as Tencent Music), Ocean Music Hong Kong Limited, between 2012 and 2014, including but not limited to any Share Purchase Agreement between CMC and CIFH.

17. "Stock Option Agreement" shall refer to any agreement related to stock options held by Hanwei Guo, Yu Cong, China Music Holdings Limited, Heijinghe (黑颈鹤) Fund Management Limited, or Shenzhen Heijinghe Equity Investment Fund Limited Partnership in Ocean Technology and CMC.

18. In accordance with Local Civil Rule 26.3, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

19. In accordance with Local Civil Rule 26.3, "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

20. In accordance with Local Civil Rule 26.3, "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

21. In accordance with Local Civil Rule 26.3, the term "identify" with respect to a document means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

22. In accordance with Local Civil Rule 26.3, the term "identify" with respect to a person means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

23. In accordance with Local Civil Rule 26.3, the terms "all," "any," and "each" shall each be construed as encompassing any and all.

24. In accordance with Local Civil Rule 26.3, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

25. The terms "referring to," "relating to," "showing," or "regarding" shall mean containing, describing, discussing, embodying, commenting upon, identifying, incorporating, summarizing, constituting, comprising, or otherwise pertinent to the matter or any aspect thereof.

26. In accordance with Local Civil Rule 26.3, "concerning" means relating to, referring to, describing, evidencing, or constituting.

27. In accordance with Local Civil Rule 26.3, the use of the singular form of any word includes the plural and vice versa.

28. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## **INSTRUCTIONS**

1. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

2. If and to the extent documents are maintained in a database or other electronic format, produce along with the document(s) software that will enable access to the electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

3. These Requests do not seek information protected by applicable privileges, including attorney-client privilege or work product privilege. Any document withheld from production based on a claim of privilege or any similar claim shall be identified by (1) the type of document, (2) the general subject matter of the document, (3) the date of the document, and (4) such other information as is sufficient to identify the document including the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other. The nature of each claim of privilege shall be set forth.

4. Documents attached to each other should not be separated.

5. Documents not otherwise responsive to this subpoena shall be produced if such documents mention, discuss, refer to, or explain documents called for by this subpoena.

6. If you object to any part of any request, state fully in writing the nature of the objection. Notwithstanding any objections, nonetheless comply fully with the other parts of the request to which you are not objecting.

7. Each request shall be construed independently and not with reference to any other request for the purpose of limitation.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1.**

Any and all Documents and Communications relating to the Chinese Arbitration, including any allegations made in the Request for Arbitration attached here.

**DOCUMENT REQUEST NO. 2.**

Any and all Documents and Communications relating to Guo, including but not limited to Guo's investments.

**DOCUMENT REQUEST NO. 3.**

Any and all Documents and Communications relating to Haifeng Li, Liang Tang, the individual known as "General Zhang," or the individual allegedly working for the Government of China's Atomic, Hydrogen Bombs and Satellite Office who met with Guo in October 2013.

**DOCUMENT REQUEST NO. 4.**

Any and all Documents and Communications relating to the Borrowing Agreements, the Cooperation Agreement, any CMC Shareholder Agreement, any Share Purchase Agreement, any Stock Option Agreement, the Framework Agreement, the Agreements mentioned in the Arbitration Request (including the Supplemental Agreement to the Framework Agreement, Share Repurchase Agreement, ESOP Agreement, Ocean Technology Equity Transfer Agreement, Ocean Culture Equity Transfer Agreement, Termination Agreement), and any other agreements executed based on or related to the Framework Agreement.

**DOCUMENT REQUEST NO. 5.**

Any and all Documents and Communications relating to investments in or ownership of CMC, CPC, CIFH, Ocean Technology, Ocean Culture, or Ocean Information in the period January 1, 2012 through December 31, 2015.

**DOCUMENT REQUEST NO. 6.**

Any and all Documents and Communications relating to the value of CMC, CPC, CIFH, Ocean Technology, Ocean Culture, or Ocean Information in the period January 1, 2012 through December 31, 2015, including but not limited to pricing and valuation sheets, corporate financials, and revenue and profit forecasts.

**DOCUMENT REQUEST NO. 7.**

Any and all Documents and Communications related to or reflecting the corporate governance or structure of CMC, CPC, CIFH, Ocean Technology, Ocean Culture, or Ocean Information in the period from January 1, 2012 through December 31, 2015.

**DOCUMENT REQUEST NO. 8.**

Any and all Documents and Communications relating to the financing of CMC, CPC, CIFH, Ocean Technology, Ocean Culture, or Ocean Information in the period from January 1, 2012 through December 31, 2015.

**DOCUMENT REQUEST NO. 9.**

Any and all Documents and Communications relating to the negotiations and business and investment agreements between and amongst any of CMC, CPC, CIFH, Ocean Technology, Ocean Culture, and Ocean Information and their investors and business partners in the period from January 1, 2012 through December 31, 2015.

**DOCUMENT REQUEST NO. 10.**

Any and all Documents and Communications relating to allegations of corporate malfeasance, including but not limited to fraud, bribery, threats, coercion, retaliation, or intimidation by CMC, CPC, CIFH, Ocean Technology, Ocean Culture, Ocean Information, Tencent Music, or TME, including by any person related to them or acting on their behalf.

**DOCUMENT REQUEST NO. 11.**

Any and all Communications with any auditors relating to allegations of corporate malfeasance, including but not limited to fraud, bribery, threats, coercion, retaliation, or intimidation by CMC, CPC, CIFH, Ocean Technology, Ocean Culture, Ocean Information, Tencent Music, or TME, including by any person related to them or acting on their behalf.

**DOCUMENT REQUEST NO. 12.**

Any and all Documents and Communications related to accounting for corporate malfeasance, including but not limited to fraud, bribery, threats, coercion, retaliation, or intimidation, by CMC, CPC, CIFH, Ocean Technology, Ocean Culture, Ocean Information, Tencent Music, or TME, including by any person related to them or acting on their behalf, including but not limited to any management accounts and audited and unaudited financial statements.